UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SAMUEL MIZERAK, JR., | No. 2:16-cv-0323 CKD P |
| Plaintiff, | |
| v. | ORDER |
| ESLICK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
6  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
7  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
8  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
9  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
10 this standard, the court must accept as true the allegations of the complaint in question, Hospital
11 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
12 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
13 McKeithen, 395 U.S. 411, 421 (1969).

14      Plaintiff's claims concern the denial of dental care while plaintiff was a pretrial detainee
15 in the El Dorado County Jail.  This being the case, the rights afforded to plaintiff under the
16 Constitution arise under the Due Process Clause of the Fourteenth Amendment rather than the
17 Eighth Amendment, as the Eighth Amendment only applies to those convicted of a crime.  Bell v.
18 Wolfish, 441 U.S. 520, 535 n. 16 (1979).  Nonetheless, the standard of medical care demanded by
19 the Constitution with respect to the treatment of pretrial detainees and convicted prisoners is the
20 same.  Simmons v. Navajo Cnty., 609 F.3d 1011, 1017 (9th Cir. 2010).   In order to adequately
21 plead a Constitutional violation, a pretrial detainee or convicted prisoner must point to facts
22 showing that he or she suffered an injury caused by deliberate indifference to serious medical
23 needs.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

24      Plaintiff claims he was denied a necessary dental procedure which resulted in plaintiff
25 suffering pain.  He asserts that jail policy dictated that the procedure would not be conducted at
26 the jail, nor paid for by El Dorado County.  When plaintiff indicated he would pay for the
27 procedure himself if jail officials would permit plaintiff to travel outside of the jail, plaintiff's
28 request to travel outside of the jail was denied for "security" reasons.

Plaintiff's claims fail as he does not indicate who denied plaintiff permission to travel outside of the jail for the dental procedure plaintiff claims he needed.  Furthermore, to the extent plaintiff asserts it was a denial of plaintiff's Fourteenth Amendment rights to deny him the procedure he required at the El Dorado County Jail based upon jail policy, plaintiff fails to name as a defendant El Dorado County, the El Dorado County Sheriff or any other person or entity potentially responsible for creating jail policy.  See Monell v. Dep't of Soc. Services of City of N.Y., 436 U.S. 658, 690 (municipalities or local government officials named in their official capacities can be sued under § 1983 for injuries resulting from their adoption of unconstitutional policies).

For these reasons, plaintiff's amended complaint fails to state a claim upon which relief can be granted.  The court will grant plaintiff the opportunity to properly allege a violation of Constitutional rights in a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must, generally speaking, demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as

3

in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. Plaintiff's amended complaint is dismissed.

      2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

      3. Defendant Eslick and Foxworthy's October 31, 2016 motion to dismiss is denied as moot.

Dated: November 8, 2016

                                      CAROLYN K. DELANEY
                                      UNITED STATES MAGISTRATE JUDGE

1
mize0323.scrn